UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Kevin Harris, *individually and on behalf of all others similarly situated*, ) ) ) | | |
| Plaintiffs, ) ) | No. 21-cv-50376 | |
| v. ) ) | Judge Iain D. Johnston | |
| Kashi Sales, LLC, ) ) | | |
| Defendant. ) | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff is a consumer who purchased Kashi brand Mixed Berry Soft Baked Breakfast Bars, made with wildflower honey, and alleges he was deceived by statements on the label. He brings claims under Illinois, Arkansas, Iowa, Ohio, and Texas consumer fraud statutes, claims for breach of warranties, and claims of fraud, unjust enrichment, and negligent misrepresentation. For the following reasons, the Court denies in part and grants in part Kashi's motion to dismiss.

I. FACTUAL ALLEGATIONS[1]

Kashi manufactures, labels, markets, and sells Mixed Berry Soft Baked Breakfast Bars. They are packaged in a predominately purple box with the image of a breakfast bar with a purple-colored jam down the center. The words "Mixed Berry" appear approximately four times larger than "Soft Baked Breakfast Bars" and beneath that, it reads, "Made with Wildflower Honey". On the back of the box, there are photographs of two blueberries, a blackberry, and a strawberry along with oats. The text on the box includes the phrases: "These bars were made for

---

[1] The Court draws all factual allegations and images from the complaint. Dkt. 1.

1

you with love" and "Love for simple ingredients, like berries and whole grains." Below the text box, the box reads "Simply Delicious" and "Delightfully Nutritious".

 

The ingredients are also listed on the box. The "mixed berry filling" is comprised of pear juice concentrate, tapioca syrup, cane sugar, blueberry puree concentrate, apple powder, corn starch, vegetable glycerin, blackberry puree concentrate, blueberry juice concentrate, strawberry puree concentrate, and natural flavors. The remaining ingredients are Kashi Seven Whole Grain flour and whole wheat flour, whole grain oats, invert cane syrup, expeller pressed canola oil, honey, chicory root fiber, vegetable glycerin, tapioca syrup, leavening, soy lecithin, xanthan gum, and natural flavors.

Plaintiff purchased the product on one or more occasions at Jewel-Osco in Elburn, Illinois, and Schnucks in DeKalb, Illinois. He alleges the representations on the box misled him because they gave him the impression that the fruit filling contained more mixed berries and honey than it actually did. Plaintiff further alleges that he purchased this specific product because of the health benefits of berries and his preference for honey as a natural sweetener, and he cites to multiple studies detailing the health benefits of berries and honey, consumers' subjective preferences for them, and the relative price of berries.

## II.  LEGAL STANDARD

Rule 8 requires a plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555. A plaintiff's well-pleaded factual allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must also plausibly suggest that the plaintiff is entitled to relief, which "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The federal pleading standard does not require the plaintiff to plead every element; plaintiff need only plead enough facts to elevate his claim from conceivable to plausible. *Twombly*, 550 U.S. at 570; *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) ("Complaints need not plead law or match facts to every element of a legal theory."). The Court accepts as true all of the plaintiff's well-pleaded allegations and draws all reasonable inferences in the light most favorable to the plaintiff. *See Calderone v. City of Chicago*, 979 F.3d 1156, 1161 (7th Cir. 2020);

*Landmark Am. Ins. Co. v. Deerfield Constr., Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). The movant bears the burden on a motion to dismiss. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

Claims involving fraud, including those under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 18 ILCS § 505/2, are subject to a heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014); *Pirelli Armstrong Tire Corp. Retiree Med. Ben. Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011). Specifically, a pleading must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This heightened standard requires that "the plaintiff do more than the usual investigation before filing his complaint." *Camasta*, 761 F.3d at 737 (quoting *Ackerman v. Northwestern Mutual Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999)). Courts in this circuit have interpreted that to mean that a plaintiff must "describ[e] the who, what, when, where, and how of the fraud." *Anchorbank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). The particularity requirement of 9(b) aims "to discourage a 'sue first, ask questions later' philosophy." *Pirelli*, 631 F.3d at 441 (quoting *Berman v. Richford Indus. Inc.*, 1978 U.S. Dist. LEXIS 16300, *5 (S.D.N.Y. Jul. 28, 1978)). But this requirement is not "overly rigid"—rather, it is highly fact- and context-specific. *Pirelli*, 631 F.3d at 442. "Plaintiffs are not absolutely required to plead the specific date, place, or time of the fraudulent acts, provided they use some sort of alternative means of injecting precision and some measure of substantiation into their allegations of fraud." 2 *Moore's Federal Practice* § 9.03(1)(b) (Matthew Bender 3d Ed. 1999). Factual allegations under 9(b) "cannot lie between the lines." *Webb v. Frawley*, 906 F.3d 569, 582 n.7 (7th Cir. 2021).

4

III.  ANALYSIS

As an initial matter, the Court is perplexed by the absence of any legal standard in Kashi's Motion to Dismiss or its Memorandum of Law in Support of its Motion to Dismiss. Dkts. 22, 23. Kashi, the movant who bears the burden here, never acknowledges that on a facial motion brought under Federal Rule of Civil Procedure 12(b)(1) or under Rule 12(b)(6), this Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Silha v. ACT, Inc.*, 807 F.3d 169, 173-74 (7th Cir. 2015) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). The closest Kashi comes to discussing any standard is in its reply memorandum, where it argues that Harris failed to plead common-law fraud with the particularity required by Rule 9(b). Dkt. 33, at 20. Most of Kashi's arguments, as explained below, confuse plausibility with likelihood of misleading a reasonable consumer. This amounts to argument on the merits, which is neither persuasive nor proper for a motion under Rule 12(b).  The Court even possesses a standing order to that effect.  *See* Standing Order on Supporting Memoranda and Exhibits, https://www.ilnd.uscourts.gov/judge-cmp-detail.aspx?cmpid=774.  Unsurprisingly, that standing order is consistent with Seventh Circuit authority.  *See Bell v. Publix Super Mkts., Inc.*, 982 F.3d 468, 483 (7th Cir. 2020) ("The result is different in this case because of the difference between a motion to dismiss on the pleadings and a motion for summary judgment.").

**A. Violation of Consumer Fraud Acts (Illinois, Arkansas, Iowa, Ohio, and Texas)**

1.  <u>Illinois – ICFA</u>

To state a claim under the ICFA, a plaintiff must show: "(1) a deceptive or unfair act or promise by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) that the unfair or deceptive practice occurred during a course of conduct

involving trade or commerce." *Camasta*, 761 F.3d at 739 (internal quotations omitted). "The [ICFA] grants a private right of action only to a person 'who suffers actual damage as a result of a violation of this Act.' Therefore, although the Illinois Attorney General can file suit in an effort to stop deceptive advertising without having to prove that anyone has actually been injured, the private plaintiff must establish an injury attributable to the statutory violation." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 975 (7th Cir. 1999) ("Where the plaintiff brings suit as a consumer, she will therefore have to show that she was in fact deceived in order to establish injury.") (internal citation omitted).

In this case, Harris alleges that Kashi's deceptive action is its misrepresentation of "mixed berry" and "wildflower honey" on the product packaging. Dkt. 1, at ¶ 122. Harris further alleges that representations and omissions on the packaging are "likely to influence consumer purchasing decisions," and that he did, in fact, rely on those representations. *Id.* at ¶¶ 121-23. Harris claims that he "desired to purchase a product [that] had a greater amount of berry and honey ingredients and expected a non-de minimis amount of these ingredients." *Id.* at ¶ 120. Further, Harris alleges that Kashi sells these products at thousands of retail locations like grocery stores, drugstores, and big box stores, as well as online, and that he purchased the product on more than one occasion at grocery stores in Illinois. *Id.* at ¶¶ 96-98. Harris alleges he purchased this mixed berry variety that was made with wildflower honey because he wanted "an appreciable amount of mixed berry ingredients" and he "prefers honey to sugar." *Id.* at ¶¶ 100, 104. This is enough to plausibly state a claim under the ICFA.

Relying entirely on non-binding case law, Kashi asserts that "to survive dismissal, Plaintiff must plausibly allege that a reasonable consumer would be deceived by Kashi's labeling." Dkt. 23, at 4 (cleaned up). Kashi argues that this Court should dismiss this lawsuit

6

because its product labeling does not mislead reasonable consumers. *Id.* at 9-15. But whether a label misleads reasonable consumers is a question on the merits. Kashi offers no explanation for how it reaches this standard based on what the Seventh Circuit has instructed is required to state a claim under the ICFA. Nowhere in its argument does Kashi address the standard it quotes from *Wigod v. Wells Fargo Bank, N.A.*, that plaintiff must allege a deceptive unfair act or practice by defendant, defendant's intent that plaintiff rely upon it, and that the unfair or deceptive practice occurred during a course of conduct involving trade or commerce. 673 F.3d 547, 574 (7th Cir. 2012).[2] And more importantly, whether a reasonable consumer would find a defendant's practice misleading does not appear in this standard because it is a question of fact, not of law. *Bell*, 982 F.3d at 479-80 ("These questions [about how consumers actually understand labels] may not be answered as a matter of law simply because lawyers can construe an ambiguous claim in a way that would not be deceptive. Plaintiffs are entitled to present evidence on how consumers actually understand these labels."). Instead, Kashi asserts that *Bell* supports its position because "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." Dkt. 33, at 10 (quoting *Bell*, 982 F.3d at 477).

Kashi also takes the position that "mixed berry" refers to the product's flavor, not its ingredients, as Harris understood it. Relying on non-binding case law, Kashi claims that "a

---

[2] *See* Dkt. 23, at 9. Kashi also seems to argue that a complaint must show "that fraud is a 'necessary or probable inference from the facts alleged.'" *Id.* (citing *Spector v. Mondelez Int'l, Inc.*, 174 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (quoting *People ex rel. Hartigan v. E&E Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992))). The "necessary or probable" language from the Illinois Supreme Court specifically addresses "common law fraud," not a claim under the ICFA. Two paragraphs later, on the same page, that court states, "In order to state a claim under the Consumer Fraud Act, a complaint must set forth specific facts which show that defendants misrepresented a material fact in the conduct of a trade or commerce, with the intent that others would rely on such misrepresentation." *Hartigan*, 607 N.E.2d at 174. This aligns with the standard articulated by the Seventh Circuit in *Wigod* and *Camasta*.

labeling claim refers only to a product's flavor and not to its ingredients." Dkt. 33, at 12. This misses Harris's argument entirely: "mixed berry" is misleading because it is unclear whether it's a flavor or ingredient. Allegedly, Harris understood it to be an ingredient—the predominant ingredient—and was misled when he learned it was not. Dkt. 1, at ¶¶ 99-100. Kashi ignores this argument, insisting that it's not referring to "mixed berry" as an ingredient. Further, Kashi asserts that "Plaintiff's subjective opinion that the Product does not taste like mixed berries [does not] establish that the phrase 'Mixed Berry' is objectively false or misleading, as is necessary to state a plausible consumer fraud claim." Dkt. 23, at 12 n.3 (citing non-binding case law applying New York General Business Law Sections 349 and 350). But this ignores several key allegations. First, citing consumer insight studies, Harris alleges that many consumers want "healthy indulgence" snacks that taste indulgent but are made with "ingredients known to confer positive health benefits." Dkt. 1, at ¶ 9. Harris alleges that consumers rely on front-label information when making decisions at the grocery store, and that when given the option between "naturally flavored mixed berry" breakfast bars and the Kashi "mixed berry" bars, they will choose the Kashi product because they are misled to think it predominantly included berry ingredients, not just natural berry flavoring.[3] *Id.* at ¶¶ 32, 46-48.

       That other courts have decided differently on different allegations is of no bearing here. Also, Kashi's argument that "a statement or label cannot mislead unless it actually conveys untrue information about a product" is misplaced. The Supreme Court in *Donaldson v. Read Magazine, Inc.*, addressed this, stating, "Advertisements as a whole may be completely misleading although every sentence separately considered is literally true." 333 U.S. 178, 189 (1948); *Beardsall v. CVS Pharm., Inc.*, 953 F.3d 969, 973 (7th Cir. 2020) ("A label is deceptive

---

[3] The Court takes no position on the merits or whether Harris can support these allegations with admissible evidence. That's what summary judgment and trial are for.

8

if it is likely to mislead a reasonable consumer in a material respect, even if it is not literally false."). This is the same for consumer fraud claims under various federal statutes. *See, e.g., Mead Johnson & Co. v. Abbott Labs.*, 201 F.3d 883, 885 (7th Cir. 2000) ("a product's promotion must be true and non-misleading at the time of sale" under Section 43(a)(1) of the Lanham Act); *Kraft, Inc. v. FTC*, 970 F.2d 311, 322 (7th Cir. 1992) ("even literally true statements can have misleading implications" under the FTC Act). "[A]n otherwise false advertisement is not rendered acceptable merely because one possible interpretation of it is not untrue." *Nat'l Comm'n on Egg Nutrition v. FTC*, 570 F.2d 157, 161 n.4 (7th Cir. 1977).

Thus, the fact that "mixed berry" and "made with wildflower honey" are not untrue statements does not automatically establish that, as a matter of law, the product's labeling cannot be deceptive. Because this Court must accept the allegations in the complaint as true and draw reasonable inferences in favor of Harris, not Kashi, the Court finds Harris plausibly alleged a claim under the ICFA and denies the motion to dismiss this claim.

2. <u>Arkansas, Iowa, Ohio, and Texas Consumer Fraud Acts</u>

Kashi also moves to dismiss the claims brought under the Arkansas, Iowa, Ohio, and Texas consumer fraud statutes, arguing—through a string cite in a footnote—that these states "employ a similar 'reasonable consumer' standard," and that these claims must also suffer the same fate as the ICFA claim. But Kashi doesn't analyze the allegations under the applicable state statutes. Dkt. 23, at 10 n.1. Harris asserts that this argument raised in a passing footnote was waived. Dkt 32, at 20 (citing *United States v. White*, 879 F.2d 1509, 1513 (7th Cir. 1989) (extending the precept that "by failing to raise this issue other than by a passing reference in a footnote, [a party] has waived it" to criminal cases)). In reply, Kashi asserts that Harris "does

9

not—and cannot—articulate how Kashi has waived this argument by placing it in a footnote." Dkt. 33, at 17.

The Court will try to explain. On a motion to dismiss, the defendant bears the burden to show that the plaintiff has failed to state a claim upon which relief may be granted. But Kashi has not cited the relevant consumer fraud statutes in Arkansas, Iowa, Ohio, or Texas, nor has it given any analysis to the allegations of this complaint in light of those statutes. In its footnote, Kashi asserts in passing (but without analysis) that the four state statutes employ a similar standard and lists one case for each state with a summary parenthetical.[4] In the Seventh Circuit, arguments raised only "by a passing reference in a footnote" are deemed waived. *White*, 879 F.2d at 1513. Indeed, finding undeveloped arguments made in footnotes to be waived is well-established. *Evergreen Square of Cudahy v. Wis. Hous. & Eon. Dev. Auth.*, 848 F.3d 822, 829 (7th Cir. 2017) (citing *United States v. Warner*, 792 F.3d 847, 856 (7th Cir. 2015); *Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013); *see also Eichwedel v. Chandler*, 696 F.3d 660, 670 (7th Cir. 2012); *Parker v. Franklin Cty. Cmty. Sch. Corp.*, 667 F.3d 920, 924 (7th Cir. 2012). Kashi has not met its burden with regard to the claims brought under the Arkansas, Iowa, Ohio, and Texas consumer fraud acts, and the Court denies the motion to dismiss these claims.

### B. Breach of Warranties

1. <u>Express Warranty & Implied Warranty of Merchantability</u>

---

[4] For example, in *In re OTC Hotel Booking Antitrust Litig.*, which Kashi cites for the Texas consumer fraud statute, the district court found the allegations plausible but granted the motion to dismiss because the plaintiff failed to plausibly allege the proximate cause component: that plaintiffs were harmed "as a result of" defendant's deceptive conduct. *In re OTC Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 546 (N.D. Tex. 2014). As the court explained, proximate cause is a component in most consumer fraud statutes. Here, despite citing a case explaining as much, Kashi never made this argument. The closest Kashi comes to this is in its argument to dismiss the negligent misrepresentation claim based on the economic loss rule. *See* Dkt. 33, at 21.

Harris brings claims against Kashi for breach of express warranty and breach of implied warranty of merchantability. To state a claim for breach of express warranty under Illinois law, a plaintiff must allege that the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). The Uniform Commercial Code, adopted in Illinois, requires that a buyer first notify the seller of the breach "within a reasonable time after he discovers or should have discovered" it. 810 ILCS 5/2-607. Failure to notify is excused only through physical injury or actual knowledge of a product's defect. *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751, 760 (N.D. Ill. 2015). To state a claim for breach of the implied warranty of merchantability under Illinois law, a plaintiff must allege that: "(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect." *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015) (internal quotation omitted). As with express warranties, a buyer must first notify the seller of this breach. *Id.* at 741-42. Goods are merchantable if they "conform to the promises or affirmations of fact made on the container or label if any." 810 ILCS 5/2-314(2). Illinois law requires privity between buyers and sellers to recover economic damages for breach of express or implied warranties. *Baldwin*, 78 F. Supp. 3d at 740.

Kashi argues that Harris cannot prevail unless he establishes that the product label is false or misleading, and because he has not plausibly alleged that the labeling is deceptive, these warranty claims must fail. Kashi also argues that the claims must fail for lack of privity. Dkt. 23, at 17-18. Harris argues that his claims satisfy the elements and that these facts fall within the "direct-dealing" exception to privity because he purchased the products from several local

11

grocery stores. Dkt. 32, at 20-22. However, Illinois courts have made clear that their direct-dealing exception does not extend to goods mass-produced and sold at retail to a third-party who is not a beneficiary of the manufacturer-seller contract. *See Manley v. Hain Celestial Grp.*, Inc., 417 F. Supp. 3d 1114, 1124 (N.D. Ill. 2019). Therefore, because Harris does not and cannot claim privity with Kashi, this Court need not address the other elements of the warranty claims. Kashi's motion to dismiss the express and implied warranty claims are dismissed with prejudice.

2. <u>Magnuson-Moss Warranty Act</u>

Harris also brings a claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1), which creates a federal cause of action for breach of warranty under state law. If there are no viable claims for breach of express or implied warranty of merchantability, there can be no cause of action under this Act. *Schiesser v. Ford Motor Co.*, No. 16-cv-00730, 2016 U.S. Dist. LEXIS 149392, at *11-12 (N.D. Ill. Oct. 28, 2016). Thus, this claim is also dismissed with prejudice.

C. **Negligent Misrepresentation**

Harris alleges Kashi negligently misrepresented its product because it was not consistent with the labeling on the box. In Illinois, negligent misrepresentation requires that: (1) defendant owed plaintiff a duty to provide accurate information; (2) defendant made a statement and was negligent in ascertaining the truth of that statement; (3) defendant intended to induce plaintiff to act in reliance on the truth of that statement; and (4) plaintiff suffered damage as a result of his reliance. *Wigod*, 673 F.3d at 569, 573.

Kashi moves to dismiss this claim because Harris alleged economic injury only, which cannot be recovered in tort in Illinois. *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450 (Ill. 1982). Harris asserts that it falls within a "special relationship" exception to *Moorman*.

12

But that's wrong. The Illinois Supreme Court clearly articulated that exception in *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, explaining that "the focus must be on whether the defendant is in the business of supplying *information* as opposed to providing something tangible. . . . the negligent misrepresentation exception to the *Moorman* doctrine is not applicable if the information supplied is merely ancillary to the sale of a product." 843 N.E.2d 327, 334-35 (Ill. 2006) (citing *Fireman's Fund Insurance Co. v. SEC Donohue, Inc.*, 679 N.E.2d 1197, 1201 (Ill. 1997)). Here, Harris has only plead economic damages, and any information supplied by Kashi through the product label is merely ancillary to the sale of the product. The Court grants Kashi's motion to dismiss this claim with prejudice.

### D. Fraud

Harris also alleges common law fraud. In Illinois, fraud requires a showing that "(1) defendant made a false statement; (2) of material fact; (3) which defendant knew or believed to be false; (4) with the intent to induce plaintiff to act; (5) the plaintiff justifiably relied on the statement; and (6) the plaintiff suffered damage from such reliance." *Houben v. Telular Corp.*, 231 F.3d 1066, 1074 (7th Cir. 2000). Fraud must be pleaded with particularity, but the intent element need only be alleged generally. Fed. R. Civ. P. 9(b).

Harris alleges that Kashi's "fraudulent intent is evinced by knowledge that the Product was not consistent with its representations." Dkt. 1, ¶ 142. Kashi moves to dismiss this claim because Harris has failed to adequately plead fraudulent intent, and the Court agrees. It is simply unreasonable to infer that because Kashi allegedly should have known the statements on its label were inaccurate, it intended deceive Harris and other consumers. *See, e.g.*, *Dashnau v. Unilever Mfg. (US), Inc.*, 529 F. Supp. 3d 235, 250 (S.D.N.Y. 2021) (finding general, conclusory claims

13

insufficient to support a reasonable inference of intent in a similar product labeling case). Therefore, the Court grants the motion to dismiss this claim without prejudice.

### E. Unjust Enrichment

To plead unjust enrichment in Illinois, a plaintiff "must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516-17 (7th Cir. 2011) (cleaned up) ("[I]f an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim."). Harris and Kashi both agree that this claim is dependent on the success of the consumer fraud claim. Because this Court denied the motion to dismiss the ICFA claim, the motion to dismiss this claim is likewise denied.

## IV. CONCLUSION

As Judge Kanne explained in *Bell*, 982 F.3d at 494 (Kanne, J., concurring),

> Determining that a statement is not "clearly misleading" on the pleadings robs the jury of the opportunity to determine, as a matter of fact, whether the statement is "clearly misleading," just "misleading," or "not misleading at all." It also flips the proper motion to dismiss inquiry on its head . . . And it's simply a stretch to say that a consumer's reading of a statement is implausible as a matter of law just because fine print elsewhere on the label could clarify an ambiguity that a reasonable consumer might not have even noticed in the first place.

For the reasons articulated above, Kashi's motion to dismiss is granted in part and denied in part. Plaintiff's warranty and negligent misrepresentation claims are dismissed with prejudice, and his common-law fraud claim is dismissed without prejudice. With regard to the consumer fraud claims and unjust enrichment, the motion to dismiss is denied. To the extent that Plaintiff's

14

demand for injunctive relief is considered a claim, it is dismissed without prejudice, with leave to be refiled through a proper motion to this Court.

Date: July 1, 2022      By: _____
IAIN D. JOHNSTON
United States District Judge